In the Matter of HAROLD POLAK, Respondent, against ANONYMOUS, Appellant.

First Department, February 3, 1959.

*G. Edgar Locke* for appellant.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for respondent.

*Per Curiam.* This appeal is from a judgment of the Domestic Relations Court, Children's Court Division, adjudging the infant respondent a delinquent child, and from an order denying a motion to vacate the determination under section 86 of the New York City Domestic Relations Court Act. No summons or other process was ever served on the child's parents. Although the mother appeared at the hearing in response to a telephone request, there is no indication in the record that she was ever told that charges were then being heard against her son pursuant to a petition charging him and other boys with delinquent conduct. She reasonably believed her son was to be a witness in connection with charges involving another boy, and she waived counsel, although her husband was an attorney. It was not until a week after the hearing that the parents learned for the first time that their son had been adjudged a delinquent.

It is an essential element of due process that the nature and scope of the proceedings be brought home to the parties concerned (*Cole* v. *Arkansas*, 333 U. S. 196, 201; *Matter of O'Leary*, 325 Mass. 179). This is recognized throughout article 2 of title II of the New York City Domestic Relations Court Act, and by rule 7 of the Rules of Practice of the Domestic Relations Court, Children's Court Division, which rule specifies that hearings should not proceed unless the parents have been fully apprised of the nature of the proceedings. No process ever having been issued in this case, and the mother never having been adequately informed as to the nature of the proceedings, nor that the charges contained in the petition were directed against her son, the court was wholly without jurisdiction to proceed to a determination (*Matter of Post*, 280 App. Div. 268). Accordingly the judgment and the order denying the motion to vacate the determination of delinquency should be reversed, on the law and the facts, and the petition dismissed.

BREITEL, J. (concurring in part and dissenting in part). While there is some question whether the mother was aware of the nature of the proceedings, she and the son were present in court.

Hence, there was no need for process, and all that justice would require is a new hearing rather than dismissal.

Botein, P. J., M. M. Frank, McNally and Bergan, JJ., concur in Per Curiam opinion; Breitel, J., concurs in part and dissents in part in memorandum.

Judgment and order reversed upon the law and upon the facts, and the petition dismissed.